IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT LAMONTE McCLAIN,

        Plaintiff,

   v.

SALEM HOSPITAL et al.,

        Defendants.

No. 6:11-cv-01444-HZ

OPINION & ORDER

Robert Lamonte McClain, Pro Se
8674460
Oregon State Correctional Institution
3405 Deer Park Drive SE
Salem, OR 97310-9385


Kirstin E. Lurtz
Marion County Legal Counsel
555 Court Street, N.E.
P.O. Box 14500
Salem, Or 97309

    Attorney for Defendants

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff Robert McClain filed this civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that he was provided inadequate medical care while incarcerated at Marion County Jail. Defendants Cindy Gage[1], Pamela Lash, Nancy Mercer, and Sheila Lorance[2] move for summary judgment. I grant the motion.

## BACKGROUND

Plaintiff's Third Amended Complaint is the operative complaint. Dkt. #66. On September 13, 2012, I allowed claims one and five to proceed against Defendants Conmed, Rendleman, Vitells, Cindy Gage, Nancy Mercer, Pam Lash, and Sheila Lorance. Op. & Order, 8-9 (Dkt. #82). Defendants Conmed, Inc., Dr. Rendleman, and Dr. Vitells moved for summary judgment, which I granted on June 26, 2013. Dkt. #162. The remaining Defendants, Gage, Mercer, Lash, and Lorance moved for summary judgment. Dkt. # 176. A Summary Judgment Advice Notice was provided to Plaintiff, which explained how Plaintiff could offer evidence and respond to Defendants' motion. Dkt. #180. Plaintiff submitted a response and declaration in opposition to the motion. Dkt. #184, 185.

A.   Plaintiff's Claims

In claim one, Plaintiff alleges that Mercer, Gage, and Lash conspired and dispensed medication that was contaminated with mercury and other unknown chemicals or heavy metals that caused multiple physical ailments, including vision loss and neurological problems in violation of his constitutional right to receive medical care while held in Marion County Jail. Third Am. Compl., 4. Plaintiff further alleges that he served Lorance with a tort notice. Id.

---

[1] Cindy Gage's name appears as "Cindy Gauge" in the complaint.
[2] Sheila Lorance's name appears as "Shielia Lorence" in the complaint.

2 - OPINION & ORDER

In claim five, Plaintiff alleges that from October to December 2011, Gage, Mercer, and Lash violated his civil rights by dispensing contaminated medications that caused him to suffer permanent nerve damage and other ongoing physical ailments. Id. at 6. Plaintiff again alleges that he served Lorance with a tort notice. Id.

B. Facts

Plaintiff was a pretrial detainee at Marion County Jail. McClain Decl. (Dkt. #185) at 1. Defendants Gage, Mercer, and Lash were registered nurses at Marion County Jail. Lapham Decl. (Dkt. #178) at 2. Defendants Gage, Mercer, and Lash dispensed medication to Plaintiff that had been prescribed by Dr. Rendleman, the physician at Marion County Jail. Id. at ¶ 6. The care provided by Defendants Gage, Mercer, and Lash met the standard of care for registered nurses in similar circumstances or communities. Id. at ¶ 7. The treatment provided by Defendants Gage, Mercer, and Lash did not cause or contribute to Plaintiff's alleged injuries. Id.

Lorance is the Commander of the Institutions Division for the Marion County Sheriff's Office. Lorance Decl. ¶ 3. Lorance did not provide any medical care to Plaintiff while he was incarcerated at Marion County Jail. Id. at ¶ 4. Plaintiff appealed three grievances to Lorance in November 2011. Id. at ¶ 5. Lieutenant, Megan Gonzalez, investigated the grievances. Id. at ¶ 6. Based on the investigation, Lorance concluded that Plaintiff was receiving appropriate medical care. Id. at ¶ 7.

Plaintiff states in his declaration that he has been poisoned at Marion County Jail and that he suffers from various ailments such as nerve damage and seizures. McClain Decl. at 1-2. Plaintiff's self-diagnoses are unsupported. Although Plaintiff submitted numerous medical records, they do not support Plaintiff's alleged ailments. Dkt. #186 Exs. 2, 3, 9, 10.

/ / /

## STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." Fed. Trade Comm'n v. Stefanchik, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Bias v. Moynihan, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing Celotex, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. Suever v. Connell, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1112 (9th Cir. 2011).

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

/ / /

DISCUSSION

Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. "In order to survive a motion for summary judgment on a § 1983 claim, the plaintiff must establish a genuine issue of material fact that the defendant (1) acted under the color of state law, and (2) deprived him of a constitutional right." Ewing v. City of Stockton, 588 F.3d 1218, 1223 (9th Cir. 2009) (citing Levine v. City of Alameda, 525 F.3d 903, 905 (9th Cir. 2008). State officials or municipalities are liable under section 1983 if there is an "underlying constitutional tort." Johnson v. City of Seattle, 474 F.3d 634, 638 (9th Cir. 2007).

The due-process analysis under the Fourteenth Amendment applies to claims for failure to provide adequate medical care to pretrial detainees. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1241 (9th Cir. 2010) ("We have long analyzed claims that correction facility officials violated pretrial detainees' constitutional rights by failing to address their medical needs . . . under [the] 'deliberate indifference' standard" of the Fourteenth Amendment.). In contrast, a prison official violates the Eighth Amendment when he denies a convicted inmate adequate medical care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012). Because Plaintiff was a pretrial detainee at Marion County jail, his claims for unconstitutional conditions of confinement are analyzed under the substantive due process clause of the Fourteenth Amendment.

To establish a due process violation under the Fourteenth Amendment, Plaintiff must show that he was (1) confined under conditions posing a risk of 'objectively sufficiently serious'

harm" and (2) "that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care." Clements v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). "A defendant is liable for denying needed medical care only if he 'knows of and disregards an excessive risk to inmate health and safety.'" Gibson, 290 F.3d at 1187. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment. Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002).

The evidence shows that Defendants Gage, Mercer, and Lash acted within the standard of care while treating Plaintiff at Marion County Jail and that they did not cause the ailments that Plaintiff has alleged. Defendant Lorance has shown that she properly investigated Plaintiff's grievances and found that Plaintiff was receiving proper care at Marion County Jail. Among the numerous medical records submitted by Plaintiff, there is no evidence that Plaintiff suffers from his alleged ailments. There is no evidence in the record that Defendants poisoned Plaintiff or that the medication Plaintiff received caused him any injuries.

## CONCLUSION

Based on the foregoing, Defendants' motion for summary judgment (#176) is granted. This court certifies that any appeal filed in this case would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated this 29th day of August, 2013.

MARCO A. HERNANDEZ
United States District Judge
6 - OPINION & ORDER